UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET ANN HUDERT, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-545 (RBW) |
| ALION SCIENCE & TECH. CORP., ET AL., | ) |
| Defendants, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, ET AL., | ) |
| Third-Party Defendants. | ) |

**MEMORANDUM OPINION**

Currently before the Court is defendant United States of America's Motion for Reconsideration of this Court's April 18, 2006 Memorandum Opinion and Order ("Def.'s Mot.") [D.E. #63], pursuant to Federal Rule of Civil Procedure 54(b). The United States seeks relief from the judgment entered by the Court on April 18, 2006, which denied its motion to dismiss defendant Grunley-Walsh Joint Venture, LLC's ("Grunley-Walsh") third-party claim for contribution under the common laws of the District of Columbia. For the reasons set forth below, the United States' motion for reconsideration is granted and the United States' original motion to dismiss Grunley-Walsh's claim for contribution is granted.

**I. Background**

The facts of this case have been fully recited in the Court's Memorandum Opinion issued

on April 18, 2006.  Hudert v. Alion Science & Tech. Corp., 429 F. Supp. 2d 99, 102-103 (D.D.C. 2006).  Thus, the Court will only recite the facts necessary for the resolution of the current motion.  In this Court's April 18, 2006 Memorandum Opinion, the United States' Motion to Dismiss, or in the Alternative, for Summary Judgment was denied in part and granted in part.  The Court granted the United States' motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, with respect to Grunley-Walsh's indemnification claim against the United States, but denied the motion with respect to Grunley-Walsh's contribution claim against the United States.  Id. at 110.  The Court did not address the United States' Rule 12(b)(6) motion to dismiss the indemnification claim, concluding that it lacked subject matter jurisdiction over this claim.  Id. at 108 n. 3.  The Court also denied without prejudice the United States' motion for summary judgment under Rule 56(c).  Id. at 110.

On May 25, 2006, the United States filed its motion for reconsideration of this Court's April 18, 2006 Memorandum Opinion and Order.  Grunley-Walsh filed its opposition to the United States' motion and the United States has filed its reply.  The arguments advanced in the motion for reconsideration, and Grunley-Walsh's opposition to the motion are the same as those presented in the original motion to dismiss and the opposition thereto.  Upon further review, the Court will grant the motion for reconsideration, review the motion to dismiss anew and upon further consideration, grant the motion to dismiss.[1]

---

[1] On June 27, 2006, Grunley-Walsh filed an answer to the plaintiffs' second amended complaint as well as cross-claims against all of the other co-defendants. On August 28, 2006, the United States filed a Renewed Motion to Dismiss the Cross-Claim of Grunley-Walsh. Grunley-Walsh's cross-claim and the United States' renewed motion to dismiss raise the same arguments advanced in the first round of briefs submitted in conjunction with the United States' motion for reconsideration. Because the motions to reconsider the April 18, 2006 opinion and to dismiss Grunley-Walsh's claim for contribution will now be granted, Grunley Walsh's cross-claim against the United States and the United States' renewed motion to dismiss are moot. Therefore, the Court need not consider the United

(continued...)

## II. Standard of Review

**A.   Fed. R. Civ. P. 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure states that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Under Rule 54(b), "an interlocutory order may be revised as justice requires." Am. Lands Alliance v. Norton, No. Civ.A. 00-2339 (RBW), 2004 WL 3246687, at *2 (D.D.C. June 2, 2004) (citation omitted).

**B.   Fed. R. Civ. P. 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts." Raymen v. United Senior Ass'n, Inc., 409 F. Supp. 2d 15, 20 (D.D.C. 2006) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "While the Court must construe the complaint liberally, the Court need not accept the plaintiff's factual inferences if the complaint's factual allegations do not support those inferences, nor must the Court accept the plaintiff's legal conclusions." Hoyte v. Am. Nat. Red Cross, 439 F. Supp. 2d 38, 41-42 (D.D.C. 2006) (citing Nat'l Treasury Employees Union v. United States, 101 F.3d

---

[1](...continued)
States' renewed motion to dismiss Grunley Walsh's cross claim.

1423, 1430 (D.C. Cir. 1996)). "[I]n deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." Raymen, 409 F. Supp. 2d at 20 (citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n. 3 (D.C. Cir. 1997)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley, 355 U.S. at 45-46; Raymen, 409 F. Supp. 2d at 20.

### III. Analysis

In the motion now before the Court, the United States seeks reconsideration of the Court's April 18, 2006 opinion, arguing that the contract between Grunley-Walsh and the United States expressly bars Grunley-Walsh from recovering from the United States under a theory of contribution. Def.'s Mot. at 3. The United States argues that "under the [contract between Grunley-Walsh and the United States], if Grunley-Walsh, or any other contractor or subcontractor, is found negligent in any way, Grunley-Walsh may not collect from the United States under any theory – it expressly bargained away that legal right in the [] contract." Id.

Grunley-Walsh opposes the government's motion on several grounds. First, it argues that the United States' arguments have already been considered and rejected by this Court. Opposition of Grunley-Walsh Joint Venture, LLC to the Motion for Reconsideration Filed by the Third-Party Defendant, United States of America ("Pl.'s Opp.") at 3. Next, Grunley-Walsh argues that the United Sates seeks total exculpation from responsibility for an accident which a General Services Administration ("GSA") investigation allegedly demonstrates it likely

4

contributed to.  Id.  And finally, Grunley-Walsh argues that "[the] contract language precludes contribution in favor of Grunley-Walsh if liability is based upon the acts or omissions of another contractor or subcontractor but does not exclude contribution for liability arising out of the conduct of the United States of America through [the] GSA."  Id.

"Contribution is one of several theories used to apportion damages among tortfeasors to an injured party."  Hubbard v. Chidel, 790 A.2d 558, 569 (D.C. 2002).  In general, contribution is the right of joint tort-feasors to collect from one another so that the plaintiff's losses are equitably shared by all wrongdoers.  Id.  In its previous memorandum opinion, the court ruled that "[the United States'] alleged active negligence, if proven by Grunley-Walsh, would be sufficient to support [Grunley-Walsh's] claim for contribution under District of Columbia law."  Hudert, 429 F. Supp. 2d at 108 (citing Hubbard, 790 A.2d at 569-70).  Indeed, "[a]n essential prerequisite for entitlement to contribution is that the parties be joint tortfeasors in the sense that their negligence concurred in causing the harm to the injured party."  D.C. v. Wash. Hosp. Ctr., 722 A.2d 332, 336 (D.C. 1998).  Thus, unless prohibited for some other reason, Grunley-Walsh would have a claim for contribution against the United States if they were both found to be negligent in causing the harm to the injured party.  The Court's ruling on this issue was incorrect, because Grunley-Walsh and the United States entered into a contract which provides indemnity to the United States.  The language of the contract between the United States and Grunley-Walsh expressly precludes Grunley-Walsh from recovering from the United States for damages resulting in part from Grunley-Walsh's own negligence.  Specifically, the contract states:

> [t]he Contractor shall save harmless and provide indemnity for the Government against any and all liability, claims and costs of whatever kind and nature for injury or death to any person or persons and for loss or damage to any property

...

> (Government or otherwise) occurring in connection with or in any way incident to or arising out of the performance of work in connection with this contract, <u>resulting in whole or in part from the negligent acts or omissions of the contractor</u> or the subcontractor, or any employee agent, or representative of the contractor or subcontractor.

Third Party Defendant United States of America's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s Mot. to Dismiss"), Exhibit ("Ex.") 2 (Contract between Grunley-Walsh and the General Services Administration) at 5 (emphasis added).  Thus Grunley-Walsh has expressly precluded itself from seeking contribution from the United States.  As explained in the Restatement of Torts, "[a] person who has a right of indemnity against another person . . . does not have a right of contribution against that person and is not subject to liability for contribution to that person."  Restatement (Third) of Torts: Apportionment of Liab. §23(c) (2000).  Therefore, if Grunley-Walsh is found liable in this matter, by agreeing to indemnify the United States in the event it is found to be negligent, it has bargained away the right to seek contribution from the United States as a joint tortfeasor.  <u>Kaiser v. Ramada Hotel Operating Co.</u>, Civ. A. No. 90-0462 (MB), 1991 WL 283726, at *5 (D.D.C. Dec. 19, 1991).

In <u>Kaiser</u>, a jury found four co-defendants liable for negligence after a valet parking attendant struck a pedestrian while attempting to park a van.  <u>Id.</u> at *1.  In motions for judgment notwithstanding the verdict, defendant Atlantic Garage filed a cross-claim against co-defendant Ramada for contribution and Ramada filed a cross-claim against Atlantic for contractual indemnification pursuant to a lease agreement between the two entities.  <u>Id.</u> at *4.  Ramada's claim was based on a lease between Ramada and Atlantic Garage "which require[d] Atlantic Garage to indemnify and hold Ramada harmless for all losses incurred by reason of Atlantic Garage's neglect or use of the premises which [were] not caused solely by Ramada's

negligence." Id. Atlantic Garage did not dispute the authenticity or validity of the contract. Id. The Court held that "[s]ince the jury held Atlantic Garage liable for the negligent actions of its agent [the valet attendant], and clearly did not find that Ramada was the sole negligent actor, the express terms of the lease require[d] Atlantic Garage to indemnify Ramada for Ramada's share of the judgment." Id. Because Ramada had a valid claim for indemnification against Atlantic Garage, the Court denied Atlantic Garage's cross-claim for contribution against Ramada. Id.

Like Ramada in Kaiser, the United States asserts that its contract with Grunley-Walsh requires Grunley-Walsh to indemnify it for it's share of any judgment resulting from the present complaint. Def.'s Mot. at 3. While Grunley-Walsh does not dispute the authenticity or validity of the contract, it does dispute the United States' interpretation of the indemnification provision. Pl's Opp. at 3. Grunley-Walsh argues that "[the] contract language precludes contribution in favor of Grunley-Walsh if liability is based upon the acts or omissions of another contractor or subcontractor but does not exclude contribution for liability arising out of the conduct of the United States of America through [the] GSA." Id. This interpretation, however, does not comport with the plain language of the contract, which requires that Grunley-Walsh "shall save harmless and provide indemnity for the Government against any and all liability . . . resulting in whole or in part from the negligent acts or omissions of the contractor or the subcontractor, or any employee agent, or representative of the contractor or subcontractor." Def.'s Mot. to Dismiss, Ex. 2 at 5. While it is true that a valid claim for contribution requires that both parties be found negligent, Wash. Hosp. Ctr., 722 A.2d at 336, and the record seems to suggest that the United States may have been negligent, the contract here requires that Grunley-Walsh indemnify the United States for "any and all liability . . . resulting in whole or in part from the negligent acts

or omissions of the contractor or the subcontractor, or any employee agent, or representative of the contractor or subcontractor." Def.'s Mot. to Dismiss, Ex. 2 at 5.  Thus, the express language in the contract prohibits Grunley-Walsh from seeking contribution from the United States, even if both are found to be negligent.  Kaiser, 1991 WL 283726 at *5.

Thus, justice requires reconsideration of the United States' motion to dismiss.  And accepting as true all of the factual allegations of Grunley-Walsh's third-party complaint, the plain language of the contract clearly bars Grunley-Walsh from acquiring contribution from the United States.  Id.; Def.'s Mot. to Dismiss, Ex. 2 at 5.  Thus, it appears beyond a doubt that Grunley-Walsh can prove no set of facts in support of its claim which would entitle it to contribution from the United States, and therefore the United States' Rule 12(b)(6) motion to dismiss must be granted.

### IV.   Conclusion

For the foregoing reasons, the United States' motion for reconsideration is granted, and Grunley-Walsh's contribution claim against the United States is dismissed.

SO ORDERED this 2nd day of March, 2007.[2]

>   REGGIE B. WALTON
>   United States District Judge

---

[2] An Order is being issued with this Memorandum Opinion.